REDMANN, Judge.
Defendant board appeals from a judgment of the district court which, on trial de novo, reversed the decision of defendant board refusing plaintiffs a wholesale liquor license and ordered issuance of the license.
The board’s brief states “The issue to be resolved is whether the applicants intend in good faith to carry on a bona fide wholesale liquor business by selling to retail permittees in accordance with La.R.S. 26:-80 Subd. E.” That statute reads:
“No wholesale permit shall be issued or held after issuance by any person who does not in good faith actually carry on or intend to carry on a bona fide wholesale business by sale to retail per-mittees of the alcoholic beverages on hand, and the board may revoke any wholesale permit when the permittee fails for a period of 45 days actively and in good faith to engage in the wholesale business, and shall revoke any wholesale permit for any other violation of this Sub-section or the rules and regulations adopted pursuant to the enforcement hereof.”
The factual basis for the board’s argument that plaintiffs do not in good faith intend to wholesale to retailers is a previous history (mostly prior to R.S. 26:80 subd. E) of distribution only to a local chain of supermarkets in which the individual plaintiffs both then had an interest. (Paul Schwegmann no longer has such an interest.)
Admittedly plaintiffs had obtained a wholesale license under prior law to serve their supermarkets alone.
Plaintiffs unsuccessfully attacked the new legislation as unconstitutional. Reynolds v. *745 Louisiana Bd. of Alcoholic Beverage Control, 248 La. 639, 181 So.2d 377 (1966), cert. denied 385 U.S. 8, 87 S.Ct. 58, 17 L.Ed.2d 7. Meanwhile court orders had allowed their wholesale license to remain in force. Thereafter, from November, 1966 until surrender of the license in June, 1967, plaintiffs did not serve or attempt to serve other retailers than their own supermarkets, although they were otherwise in compliance with the new law. According to plaintiffs, they had had “business differences”, a “squabble”, which prevented their working together to develop a retail clientele for their wholesale business.
By now plaintiffs have reconciled their differences, and the 90% interest partner testified that, despite their earlier preferences to buy wholesale for their own retail outlets exclusively, “I know that we are going to be a full-fledged wholesaler when we go into business. We are going to give the wholesalers some opposition and competition.”
Having previously surrendered a wholesale license because of their failure to meet the requirement of retail customers, plaintiffs could reasonably have been believed by the district court when they stated their intent to now meet that requirement. They know from past experience that they cannot keep the wholesale license without retailer customers; and the board (as the district judge pointed out) can revoke the license after 45 days of failure to meet this requirement.
The judgment appealed from is affirmed.